## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE STILP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| BOROUGH OF BELLEFONTE, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant | : | |
| | : | |

### Complaint

Plaintiff Gene Stilp by undersigned counsel challenges the Borough of Bellefonte's ordinance that unconstitutionally inhibits his First Amendment right to burn political flags as a form of political protest.

### I.    Parties

1.    Plaintiff is Gene Stilp ("Stilp"), an adult individual.

2.    Defendant Borough of Bellefonte ("Borough") is a political subdivision of the Commonwealth of Pennsylvania that maintains a principal office at 236 West Lamb Street, Bellefonte, Centre County, Pennsylvania 16823.

### II.    Jurisdiction and Venue

3.    Jurisdiction is founded upon 28 U.S.C. § 1331.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because the Borough is located in the Middle District of Pennsylvania.

5.    Plaintiff seeks legal and equitable relief.

## III.    Facts

6.    The allegations of the foregoing paragraphs are incorporated by reference.

7.    Stilp is a prominent political activist in Pennsylvania who frequently publicly protests against political corruption and racial injustice.

8.    Over the past several years, Stilp has publicly burned political flags in various locations throughout the United States as a means of protesting politicians and political ideologies he opposes.

9.    As part of such protests, Stilp has often burned flags bearing images and slogans supportive of former President Donald Trump.

10.    On or about September 23, 2020, Stilp notified the Centre County Commissioners of his intent to hold a public protest involving the burning of flags at the Veteran's Memorial in front of the Centre County Courthouse in the Borough.  A copy the press release which was sent via email is attached as Exhibit A.

11.    Because the protest involved the burning of flags, Stilp's purpose in communicating with the County Commissioners was to notify it that burning the flags would involve conducting an open burn in a safe manner, but that the burn would implicate the Borough's Open Burning Ordinance ("Burn Ordinance").

2

12.    Stilp advised the Commissioners that he intended to conduct the anti-Trump flag-burning protest on September 25, 2020.

13.    Stilp intended to burn four flags at the protest: a Trump campaign flag sewn together with a Nazi flag, a Trump campaign flag sewn together with a flag of the former Soviet Union, a Trump campaign flag sewn together with a Confederate flag, and a combined flag consisting of a Trump campaign flag sewn together with a Confederate flag, a Nazi flag and a former Soviet Union flag ("Trump Protest Flags").

14.    Stilp's intended purpose in burning the Trump Protest Flags was to publicly oppose policies of the Trump Administration and the 2020 Trump for President reelection campaign opposing policies that Stilp asserts are racist and contrary to the best interests of the United States.

15.    The Veteran's Memorial in front of the main doors of the Centre County Courthouse is open to the public and is a public forum.

16.    On September 25, 2020, Stilp appeared at this location and prepared to burn the Trump Protest Flags in a steel trash can.

17.    Approximately five law enforcement officers observed Stilp as he prepared to burn the combined Trump/Confederate/Nazi/Soviet Union flag.

18.     Local law enforcement advised Stilp that, if he attempted to burn the Trump Protest Flags, the fire would be immediately extinguished and he would be issued a citation for conducting an open burn in the Borough.

19.     Wishing to exercise his First Amendment rights, Stilp proceeded to ignite the first of the Trump Protest flags in the can.

20.     A law enforcement officer approached Stilp and extinguished the fire by pouring water on it as soon as it was lit.

21.     The Borough's Burn Ordinance (excerpted and re-ordered for clarity) states in relevant part the following,

**§ 180-13 Open fires.**

**A.      Open fires are hereby prohibited in the Borough except for recreational purposes or where approval is granted by the Air Pollution Control Board.**

**B.**      In the case of an open fire connected with refuse from a coal mine, coal preparation plant or other coal mining or coal processing operation, in the event that the owner fails to do so, the Board shall request the assistance of the Pennsylvania Department of Environmental Protection, the Bureau of Mines and Quarries, in extinguishing such open fire.

§ 180-2 **Definitions**.

**OPEN FIRE**

Any fire from which the products of combustion are emitted directly into the open air without passage through a stack or chimney.

§ 180-23 **Equitable remedies.**

**A.** In addition to any other remedy provided for in this chapter, the Air Pollution Control Board may request Council to petition the Centre County Court of Common Pleas for an injunction to restrain a violation of any provision of this chapter.

**B.** The penalties and remedies prescribed by this chapter shall be deemed concurrent, and the existence or exercise of any remedy shall not prevent the Board from exercising any other remedy hereunder at law or in equity.

§ 180-25 **Violations and penalties**

**A.** Whoever violates or fails to comply with any of the provisions of this chapter or any rule or regulation of the Commonwealth relating to air pollution, or interferes with the Air Pollution Control Board in the discharge of its official duties, shall be punished as provided in Chapter 1, General provisions, Article III, of this Code. All prosecutions shall be brought in the name of the Borough.

**B.** Whenever any Act of the General Assembly of the Commonwealth provides a penalty for a violation of any rule or regulation promulgated under the Act of August 24, 1951 (the Local Health Administration Law), P.L. 1304, as amended, other than as provided in this section, such Act shall immediately become effective with respect to this chapter.

§ 1-18 **Violations and penalties.**

**A.** Whoever violates or fails to comply with any of the provisions of this Code dealing with building, housing, property maintenance, health, fire or public safety, and/or relating to or for water, air and/or noise pollution violations, including any provision of any standard, technical or other code adopted by reference in this Code, and including any rule or regulation promulgated under authority of any such standard, technical or other code adopted by reference in this Code, or under authority of any other provision of this Code, for which no penalty is otherwise provided, shall be fined not more than $1,000 or imprisoned not more than 30 days, or both, plus costs of prosecution for each offense.

**B.** Whoever violates or fails to comply with any other provision of this Code, including any provision of any standard, technical or other code adopted by reference in this Code, and including any rule or regulation

promulgated under authority of any such standard, technical or other code adopted by reference in this Code, or under authority of any other provision of this Code, for which no penalty is otherwise provided, shall be fined not more than $600 or imprisoned not more than 30 days, or both, plus costs of prosecution, for each offense.

**C.** A separate offense shall be deemed committed each day during or on which a violation or noncompliance occurs or continues. The penalties provided for herein shall be in addition to any equitable remedy provided in this Code or in any rule or regulation promulgated under authority of this Code.

…

A copy of the relevant sections of the Burn Ordinance is attached as Exhibit B.

22. While permitting recreational fires without prior government permitting or approval, the Burn Ordinance facially prohibits burning flags in public protest contrary to the First Amendment's guarantee to freedom of expression. See *Texas v. Johnson,* 491 U.S. 397 (1989).

23. Although the term "recreation" is defined by the Ordinance, the term "recreational purposes" is not. Ordinance § 575-150.

24. The fire that Stilp lit would commonly be understood to be similar in nature to a fire lit for recreational purposes and satisfying all requirements thereof.

25. At the time Stilp conducted the political demonstration, the Borough provided guidance to the public on the definition of recreational fires by quoting the 2009 International Fire Code's definition of recreational fires on its website:

RECREATIONAL FIRE. An outdoor fire burning materials other than rubbish where the fuel being burned is not contained in an

6

incinerator, outdoor fireplace, portable outdoor fireplace, barbeque grill or barbeque pit and has a total fuel area of 3 feet (914 mm) or less in diameter and 2 feet (610 mm) or less in height for pleasure, religious, ceremonial, cooking, warmth or similar purposes.[1]

26.    Because the Burn Ordinance as written prohibits the lighting and burning of a flag in a manner otherwise meeting the requirements of a "recreational fire," the Burn Ordinance arbitrarily distinguishes between different forms of fires based on the expressive purpose to which they are put, or whether fires are put to expressive purposes at all.

27.    In addition to the language of the Burn Ordinance, the Borough interprets and applies the Burn Ordinance to prohibit fires lit for political demonstration even though otherwise meeting the definition of a fire set for recreational purposes.

28.    The Burn Ordinance is unconstitutional as applied because it was enforced against Stilp by the Borough acting through its authorized law enforcement officer to extinguish his burning flag, which was done pursuant to the Borough's policy as embodied in the ordinance.

29.    Additionally, to the extent the language of the Burn Ordinance fails to clearly state whether a fire used for political demonstration is allowed under the "recreational purposes" exception, the Burn Ordinance is unconstitutionally vague

---

[1] This language was previously found on the Borough's website, accessed on November 13, 2020, however the webpage is no longer available at the following address: https://bellefonte.net/2019/recreational-fires/.

by allowing the Borough to enforce the Burn Ordinance in an arbitrary and discriminatory manner.

30.    Because of Bellefonte's actual and arbitrary prohibition of his political demonstration despite his reasonably interpreted compliance with the Burn Ordinance as written – vague though it might be –  Stilp fears conducting further protests involving flag burning in public places within the Borough of Bellefonte.

31.    In addition to issuance of a citation for a summary offense against him, Stilp also reasonably fears an action for injunctive action being brought against him as provided by the Borough's Code. Ordinance § 180-23.

32.    Stilp desires to hold one or more additional flag burning protests within the Borough, including both on courthouse grounds and in public areas of the Borough.

33.    Stilp has no adequate remedy at law for prospective enforcement of the Burn Ordinance against him.

**FIRST CAUSE OF ACTION**
**Violation of Right to Free Speech (Facial Challenge)**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

34.    The averments of the foregoing paragraphs are incorporated by reference.

35.    The Burn Ordinance facially violates the First Amendment and is overly broad by prohibiting the burning of flags as an act of public political protest all times within the geographic limits of the Borough, yet allowing the same conduct when undertaken for recreational purposes.

36.    The Burn Ordinance facially inhibits Stilp's right to free speech by prohibiting expressive conduct for the purposes of political demonstration while permitting other qualitatively identical expressive conduct for non-political (i.e. recreational) purposes.

37.    Stilp is in reasonable fear of prosecution for a summary offense and also an injunctive action being brought against him as provided by the Borough's Code. Ordinance § 180-23.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a.    PERMANENTLY ENJOIN enforcement of the Borough's Burn Ordinance as FACIALLY UNCONSTITUTIONAL under the First Amendment; and

b.    AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

9

**SECOND CAUSE OF ACTION**
**Violation of Right to Free Speech (As Applied Challenge)**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

38.    The averments of the foregoing paragraphs are incorporated by reference.

39.    Irrespective of the language of the Burn Ordinance, Defendant has both applied and threatened to apply the Burn Ordinance in violation of Stilp's right to free speech under the First Amendment.

40.    Defendant has both applied and threatened to apply the Burn Ordinance to Stilp in an arbitrary and capricious manner by extinguishing the fire set for political demonstration although Stilp undertook his action for a substantially similar purpose as those taken in connection with a fire set for recreational purposes.

41.    Such action by the Borough demonstrates that, apart from whether the Ordinance facially allows the use of open burning for political demonstration if meeting the definition of fires set for recreational purposes, the Borough applies the Burn Ordinance in a way so as to prohibit such open burning.

42.    Stilp is in reasonable fear of prosecution for a summary offense and an injunctive action being brought against him as provided by the Borough's Code under the Burn Ordinance if he would again attempt to burn political flags as

10

expressive conduct, because of the actions of local law enforcement taken against him for burning political flags on September 25, 2020.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a. PERMANENTLY ENJOIN enforcement of the Borough's Burn Ordinance as UNCONSTITUTIONAL AS APPLIED under the First Amendment; and

b. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

**THIRD CAUSE OF ACTION**
**Burn Ordinance Void for Vagueness Under the**
**First and Fourteenth Amendments**
**U.S. Const. amend. I, XIV; 42 U.S.C. § 1983**

43. The averments of the foregoing paragraphs are incorporated by reference.

44. Alternatively, to the extent the Burn Ordinance is not facially unconstitutional or unconstitutional as applied, the Burn Ordinance is vague in that it does not provide a person of ordinary intelligence with reasonable opportunity to know what conduct is prohibited and to act accordingly to avoid punishment or adverse civil proceedings.

45. The Burn Ordinance is vague in that it touches upon sensitive and protected areas of expressive activity.

46.    The Burn Ordinance is void for vagueness under the Fourteenth Amendment for allowing fires for "recreational purposes" without defining what such recreational purposes encompass, thereby leaving to the discretion of law enforcement the decision to punish people such as Stilp who would use flag burning in political demonstrations.

47.    In light of this vagueness, the Borough has unconstitutional discretion to interpret and enforce the Burn Ordinance in an arbitrary and discriminatory manner, and in fact did so against Stilp, in violation of the Fourteenth Amendment's guarantee of procedural due process.

48.    The Burn Ordinance is reasonably interpreted to include fires lit for recreational purposes, yet Borough takes the position that the Burn Ordinance prohibits such fires, and the Borough's law enforcement officers in accordance with Borough policy extinguished the fire set by Stilp for political demonstration purposes.

49.    Stilp remains under ongoing threat of prosecution if he should again engage in public burning of flags as part of protected First Amendment public political demonstration.

**WHEREFORE,** Plaintiff Gene Stilp prays the Court to:

a.       PERMANENTLY ENJOIN enforcement of the Burn Ordinance by the Borough of West Chester against him as VOID FOR VAGUENESS under the First and Fourteenth Amendments; and

b.       AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

**FOURTH CAUSE OF ACTION**
**Violation of Right to Free Speech (Damages)**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

50.    The averments of the foregoing paragraphs are incorporated by reference.

51.    Stilp's First Amendment right to free speech and expression have been suppressed by virtue of the language, application and/or vagueness of the Burn Ordinance, an official ordinance of the Borough, as well as the Borough's unconstitutional application thereof.

52.    As a direct and proximate result of such suppression of Stilp's First Amendment right to free speech and expression, Stilp has suffered damages for which he must be compensated.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to ENTER JUDGMENT in his favor and against the Borough of Bellefonte for nominal and compensatory damages for the actual suppression of Stilp's First Amendment rights under the Borough's Burn Ordinance, attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

/s/ Aaron D. Martin

By: _____

Aaron D. Martin
Pa. Atty. I.D. 76441
Sarah E. Straub
Pa. Atty. I.D. 330748
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000 (phone)
(717) 236-1816 (fax)
admartin@mette.com
sestraub@mette.com

Dated: February 25, 2022

*Attorney for Plaintiff,*
*Gene Stilp*